**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 2008-CR-0005-01 |
| v. | |
| **REGGIE RITTER,** | |
| Defendant. | |

TO:  Alphonso G. Andrews, Jr., AUSA
   Emile A. Henderson, III, Esq.
   Eric S. Chancellor, Esq.

**ORDER DENYING DEFENDANT REGGIE RITTER'S MOTION FOR SEVERANCE**

THIS MATTER came before the Court for hearing September 12, 2008, upon Defendant Reggie Ritter's Motion For Severance (Docket No. 57). The government was represented by Alphonso G. Andrews, Jr., AUSA; Emile A. Henderson, III, Esq., appeared on behalf of said Defendant, and Defendant also appeared.

Having reviewed the said motion, the government's opposition thereto, and heard oral arguments of counsel and being advised in the premises and upon due consideration thereof, the Court will deny the said motion.

The United States Court of Appeals for the Third Circuit, while reviewing a Virgin Islands case, recently cited with approval the standard articulated by the Fourth Circuit to

*United States v. Ritter*
2008-CR-0005-01
Order Denying Defendant Reggie Ritter's Motion For Severance
Page 2

be applied when a defendant moves for severance based upon the need for a co-defendant's testimony, stating that the

> moving defendant must establish four things: (1) a bona fide need for the testimony of his co-defendant; (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege; (3) the substance of his co-defendant's testimony; and (4) the exculpatory nature and effect of such testimony.

*United States v. Bates*, 46 Fed. Appx. 104, 109 n.3 (3d Cir. 2002) (citing *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983).  The Court finds that Defendant Reggie Ritter has failed to establish the second, third, and fourth enumerated elements.  When questioned by the Court, counsel for Defendant Reggie Ritter admitted that he had not personally interviewed co-Defendant Ernie Ritter and, therefore, could not assure the Court of the likelihood that Ernie Ritter would waive his Fifth Amendment privilege nor provide the Court with the substance of Ernie Ritter's testimony and its exculpatory nature. Consequently, Defendant Reggie Ritter has failed to overcome the principle of judicial economy.

WHEREFORE, it is now hereby **ORDERED** that Defendant Reggie Ritter's Motion For Severance (Docket No. 57) is **DENIED**.

*United States v. Ritter*
2008-CR-0005-01
Order Denying Defendant Reggie Ritter's Motion For Severance
Page 3

                                                  ENTER:

Dated: September 12, 2008                               /s/
                                              GEORGE W. CANNON, JR.
                                              U.S. MAGISTRATE JUDGE