# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CRIM NO. 2008-0005 |
| REGGIE RITTER, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER comes before the Court on Defendant Reggie Ritter's Motion for Judgment of Acquittal or, in the alternative, for New Trial. He contends that the jury's verdict was inconsistent, warranting a new trial, and that the evidence was insufficient to sustain his conviction.

**I.    The Verdict was not Inconsistent**

Ritter was charged with possession of marijuana with intent to distribute and knowingly and intentionally manufacturing marijuana plants. The jury found him guilty of manufacturing and not guilty of possession with intent to distribute. Possession of marijuana with intent to distribute requires proof of a distinctive element not part of the manufacturing offense – the intent to distribute. The jury could reasonably and consistently have found that Ritter manufactured marijuana, but that the Government failed to prove that Ritter intended to

distribute the marijuana, rather than to personally consume it. See United States v. Gonzalez-Torres, 980 F.2d 788, 791 (1st Cir. 1992) (finding that acquittal of possession with intent to distribute cocaine not inconsistent with conviction for cocaine importation and possession of cocaine onboard an aircraft).

**II.     The Evidence was Sufficient**

Review of the sufficiency of evidence supporting a conviction is "highly deferential." United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001) (citation omitted). The Court "must determine whether the evidence submitted at trial, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict." Hart, 273 F.3d at 371 (quotation omitted). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Iafelice, 978 F.2d 92, 94 (3d Cir. 1992) (quotation omitted). "Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt," may the Court overturn the jury's verdict. United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1990) (quotation omitted).

"To sustain the jury's verdict, the evidence does not need to be inconsistent with every conclusion save that of guilty." United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (quotation omitted). "There is no requirement . . . that the inference drawn by the jury be the only inference possible or that the government's evidence foreclose every possible innocent explanation." Iafelice, 978 F.2d at 97. All issues of credibility are within the province of the jury. Gonzalez, 918 F.2d at 1132.

The Court views the totality of the circumstances when examining the sufficiency of the evidence. United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984). "The prosecution may fulfill its burden of proving the elements of a crime through circumstantial evidence." Paez v. O'Lone 772 F.2d 1158, 1160 (3d Cir. 1985); see Jackson v. Virginia, 443 U.S. 307, 324-25 (1979) (finding that necessary intent was proven beyond a reasonable doubt through circumstantial evidence); see also Leon, 739 F.2d at 891 (finding that record had sufficient circumstantial evidence for jury to find defendant guilty of aiding and abetting substantive crimes charged). "It is not unusual that the government will not have direct evidence. Knowledge is often proven by circumstances. A case can be built against the defendant grain-by-grain until the scale finally tips; and considering all the facts and drawing upon rational inferences therefrom, a reasonable jury could find beyond a reasonable doubt that the defendant committed the crime for which he is charged." Iafelice, 978 F.2d at 98. "Inferences from established facts are accepted methods of proof when no direct evidence is available so long as there exists a logical and convincing connection between the facts established and the conclusion inferred. The fact that evidence is circumstantial does not make it less probative than direct evidence." McNeill, 887 F.2d at 450 (citation omitted).

"The prosecution must prove every element of a crime charged beyond a reasonable doubt. . . ." Government of the Virgin Islands v. Smith, 949 F.2d 677, 682 (3d Cir. 1991). "[D]iminishing this burden violates a defendant's right to due process." Id. On a post-trial motion for acquittal based on the insufficiency of the evidence, the Court must determine whether there is substantial evidence, direct or circumstantial, with logical inferences drawn in

the light most favorable to the government, from which a reasonably jury could have found beyond a reasonable doubt that the government proved all the elements of the offense. See United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991).

The elements of manufacturing marijuana are found in the statute, 21 U.S.C. § 841(a)(1). It is unlawful for any person (1) knowingly or intentionally (2) to manufacture (3) a controlled substance. The term "manufacture" includes the propagation of a controlled substance. 2 U.S.C. § 802(15). The term "controlled substance" includes marijuana. See 21 U.S.C. § 802(6).

Ritter contests the first element. He contends that no reasonable jury could have found, given the evidence presented by the Government, that he had the requisite knowledge or intent to be found guilty of manufacturing marijuana.

The jury learned that when law enforcement agents executed a search warrant, they found Ritter in an upstairs apartment. From the photos and diagrams presented at trial, the jury could have found that this upstairs apartment was Ritter's residence, and that it consisted of four rooms: a bathroom, a bedroom with attached kitchen, and across a corridor, a single bedroom with a door leading to the marijuana grow room. The corridor was gated and locked at both ends. A bicycle, shown to belong to Ritter, was stored in the single bedroom.

The jury reasonably could have found that the evidence demonstrated beyond a reasonable doubt, from the grow room's accessibility through Ritter's apartment, and the limited access to the grow room by anyone but Ritter, that Ritter knowingly and intentionally manufactured the marijuana plants in the grow room. Thus, the evidence was sufficient for the jury to find Ritter guilty of knowingly and intentionally manufacturing marijuana.

4

**III. Conclusion**

The jury's verdict acquitting Ritter of possession with intent to distribute marijuana was not inconsistent with it finding him guilty of manufacturing marijuana. Taking the evidence in the light most favorable to the Government, the Court finds that substantial evidence supported the jury's finding that Ritter knowingly and intentionally manufactured marijuana.

ENTER:

DATE:	August 6, 2009	_____/s/_____
RAYMOND L. FINCH
SENIOR DISTRICT JUDGE